## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMOTHY HYSER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No: 1:17-cv-00403-TWP-DML |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

## ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
## AND DIRECTING ENTRY OF FINAL JUDGMENT

In November 2012, an Indiana jury found Timothy Hyser guilty of one count of Class A

Felony child molesting and one count of Class C Felony child molesting.  These convictions were

reversed on appeal (*see Hyser v. State*, 996 N.E.2d 443 (Ind.Ct.App. 2013)).  A new trial was

conducted in August 2014, and Hyser was again found guilty of the same offenses.  Hyser was

sentenced to concurrent terms of 30 years and 4 years.  This time, the convictions were affirmed.

(*See Hyser v. State*, No. 20A05-1410-CR-00487 (Ind.Ct.App. May 14, 2015).)

The conclusion of Hyser's direct appeal was followed by his action for post-conviction

relief, filed on May 2, 2016.  The action for post-conviction relief was dismissed without prejudice

on February 1, 2017.

This action for a writ of habeas corpus was filed on February 8, 2017.  Hyser's claims are:

(1) insufficient evidence; and (2) ineffective assistance of counsel at trial, with two specifications

of ineffectiveness.  Of these claims, only the first was presented to the Indiana state courts.

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to

examine the procedural status of the cause of action."  *United States ex rel. Simmons v. Gramley*,

915 F.2d 1128, 1132 (7th Cir. 1990).  "[F]ederal courts will not review a habeas petition unless

the prisoner has fairly presented his claims 'throughout at least one complete round of state-court

review, whether on direct appeal of his conviction or in post-conviction proceedings.'" *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014), and citing 28 U.S.C. § 2254(b)(1)). "[T]he burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits . . . ." *Bell v. Cone,* 543 U.S. 447, 451 n.3 (2005).

In the present case, Hyser challenges his 2012 convictions for child molesting. One habeas claim has been fully exhausted in the state courts, but the other habeas claim has not—the result of the petition for post-conviction relief having been voluntarily dismissed on February 1, 2017. The proper course in such circumstances is for such a "mixed petition" to be dismissed without prejudice. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)).

Based on the foregoing, Hyser's mixed petition for writ of habeas corpus is **DISMISSED without prejudice.** Judgment consistent with this Entry shall now issue.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability because Hyser has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

        **SO ORDERED.**

Date:  7/19/2017

DISTRIBUTION:

Timothy Hyser, #231670
Pendleton Correctional Facility

Eric Parker Babbs
OFFICE OF THE INDIANA ATTORNEY GENERAL
eric.babbs@atg.in.gov

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana